**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY GILBERT**,

                **Plaintiff**,
         v.                           9:03-cv-423
                                             (GLS/GJD)

**GLENN S. GOORD**, NYS Commissioner of D.O.C.S.; **STEPHEN M. BERNARDI**, Deputy Commissioner of Policy and Compliance; **CHERYL MORRIS**, Work Release Counselor at Hudson Correctional Facility; **PHILIP ABATABLE**, Senior Work Release Counselor and Acting Superintendent; **VAL KRIELE**, Acting Deputy Superintendent of Program Services at Hudson Correctional Facility; and **MICHAEL T. MCHALE**, Reviewer for D.O.C.S. Temporary Release Programs,

                **Defendants**.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JEFFREY GILBERT
Plaintiff, *Pro Se*
3309 Maryvale Dr.
Schenectady, New York 12304

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO  
Attorney General for the  
State of New York  
The Capitol  
Albany, New York 12224-0341

JAMES J. SEAMAN  
Assistant Attorney General

**Gary L. Sharpe**
**U.S. District Court**

### **ORDER**

On November 10, 2003, the U.S. Marshals Service filed process receipt and return papers indicating it was unable to serve the above defendants at the addresses provided. *See Dkt. No. 16.* Subsequently, on July 22, 2005, the court adopted the Report-Recommendation of Chief Magistrate Judge Gustave J. DiBianco which, in relevant part, ordered Gilbert to properly serve the defendants or request assistance in doing so from the court. *See Dkt. No. 21, 22.* As of the date of this order he has done neither.

Under FED. R. CIV. P. 41(b) "a defendant may move for dismissal of an action" in the event of a "failure [by] the plaintiff to prosecute or to comply with ... any order of court." Courts have the power to order such dismissal *sua sponte* under the doctrine set forth by the Supreme Court in

2

*Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962), and, in this district, under N.D.N.Y. R. 41.2(a). It is entirely proper for courts to dismiss an action for neglect to prosecute when, as in the present case, the plaintiff has failed to timely serve the defendants with process. See *Waterman v. Nelson*, 195 F.2d. 523 (2d Cir. 1952). This is especially true given that the court has provided Gilbert ample opportunity to effect such service and warning of his failure to do so.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Gilbert's complaint (*Dkt. No. 1)* is **DISMISSED IN ITS IN ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court enter judgment and close this case; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

October 29, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge